IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, on behalf of itself, its staff, and its patients; WHOLE WOMAN'S HEALTH, on behalf of itself, its staff, and its patients; WHOLE WOMAN'S HEALTH OF THE TWIN CITIES, LLC, on behalf of itself, its staff, and its patients; BLUE MOUNTAIN CLINIC, on behalf of itself, its staff, and its patients; HELEN WEEMS, APRN-FNP on behalf of herself and her patients; ALL FAMILIES HEALTHCARE, on behalf of itself, its staff, and its patients; and TRUST WOMEN FOUNDATION, on behalf of itself, its staff, and its patients, | Case No. 3:23-cv-00019-NKM |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| UNITED STATES FOOD AND DRUG ADMINISTRATION; ROBERT M. CALIFF, M.D., in his official capacity as Commissioner of Food and Drugs; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and XAVIER BECERRA, in his official capacity as Secretary of the Department of Health and Human Services, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction. The Court has considered the briefing, the entire record in the above-captioned matter, the applicable law, and all other matters properly before it.

Being fully apprised of the matter, now, therefore, it is ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Preliminary Injunction is hereby GRANTED.

The Court finds that Plaintiffs have established a likelihood of success on the merits of their claims, that they would suffer irreparable harm absent preliminary injunctive relief, and that the balance of equities and the public interest weigh in favor of an injunction.

Pursuant to Federal Rule of Civil Procedure 65(a), and irrespective of any Northern District of Texas Court ruling in *Alliance for Hippocratic Medicine v. FDA*, No. 2:22-CV-00223-Z (N.D. Tex.), or Fifth Circuit ruling in *Alliance for Hippocratic Med. v. FDA*, No. 23-10362 (5th Cir.), Defendants and their officers, agents, servants, employees, attorneys, and any person in active concert or participation, are PRELIMINARILY ENJOINED from altering the status quo and rights as it relates to the availability of Mifepristone under the current operative January 2023 Risk Evaluation and Mitigation Strategy under 21 U.S.C. § 355-1 (the "2023 REMS") in Virginia, Montana, and Kansas, where Plaintiffs operate.

The Court finds that the available evidence demonstrates that mifepristone is extremely safe and effective, and that the 2023 REMS stigmatizes and disrupts access to medication abortion in ways out of line with FDA's repeated conclusions about mifepristone's safety and effectiveness. Plaintiffs have thus demonstrated a likelihood of success on their claims that the 2023 REMS violates the Administrative Procedure Act. Further, the available evidence shows that mifepristone is essential medication for patients, and interference with access to mifepristone provided under the 2023 REMS will irreparably injure Plaintiffs and patients in Virginia, Montana, and Kansas, gravely harming the public health. For these reasons, the balance of equities tips in Plaintiffs' favor, and a preliminary injunction protecting access to mifepristone under the 2023 REMS serves the public interest. As a result, Plaintiffs have met their burden in seeking a preliminary injunction to maintain the status quo of their provision of mifepristone during the pendency of this litigation.

DATED this _____ day of _____, 20 _____.

_____
United States District Judge