IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, on behalf of itself, its staff, and its patients; et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION; et al.,<br><br>            Defendants. | Case No. 3:23-cv-00019-NKM |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
EMERGENCY MOTION FOR EXTENSION OF TIME**

1. Plaintiffs respectfully ask the Court to deny Defendants' Emergency Motion for Extension of Time (the "Motion"), ECF No. 18, or, in the alternative, grant Defendants a one-week extension to May 30th, so that a hearing may be held on Plaintiffs' Motion for Preliminary Injunction (the "PI Motion"), ECF No. 10, before July.

2. Defendants' request effectively asks the Court to examine Plaintiffs' showing of irreparable harm. Motion ¶¶ 3-4. Whether Plaintiffs have shown sufficient harm to warrant a preliminary injunction is a question that should be decided when the Court rules on Plaintiffs' PI Motion. Defendants should not receive an emergency extension simply because they do not believe Plaintiffs are experiencing irreparable harm. Further, whether Defendants plan to move to stay this case based on their view of Plaintiffs' injuries, Motion ¶ 2, is irrelevant to whether they are entitled to an extension of time to respond to Plaintiffs' PI Motion.

3. In any event, Defendants' characterization of Plaintiffs' showing of irreparable harm is incorrect. Motion ¶¶ 3-4. Plaintiffs do not argue that the outcome of the appeal in *Alliance for Hippocratic Medicine v. FDA*, No. 2:22-CV-00223-Z (N.D. Tex.) (the "*Alliance* Case"), is the

1

source of the irreparable injury they are experiencing. Rather, Plaintiffs have argued that the 2023 REMS itself is responsible for Plaintiffs' injuries, including the pervasive uncertainty hanging over their practices and patients, of which the *Alliance* case is but one part.

4. Further, Defendants' assertion that they require additional time to review the papers does not warrant an extension. Motion ¶ 2. Plaintiffs effected service on May 9th. Defendants have had a week already to review the papers, Motion ¶ 2, and they did not move for this extension until today. The evidence that Plaintiffs have attached to their Complaint are components of the administrative record and should not require Defendants to expend significant efforts to review. This is particularly the case given that another federal court has already granted an injunction requiring Defendants to maintain the status quo of the 2023 REMS in 17 states and the District of Columbia based on a nearly identical record—the same relief Plaintiffs seek here for three additional states. *State of Washington v. FDA*, No. 1:23-cv-03026-TOR (E.D. Wash.).

5. Further, as Defendants acknowledge, the Court's remaining hearing dates before July are the week of June 5th. Plaintiffs will indeed be prejudiced if a hearing cannot be held until July given the present and ongoing harm they are experiencing as described in the PI Motion. Plaintiffs would not object to a one-week extension for Defendants to May 30th, if a hearing can be held the week of June 5th.

Dated:      May 16, 2023

Respectfully submitted,

/s/ Rabia Muqaddam
Rabia Muqaddam*
Gail M. Deady (VSB No. 82035)
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, New York 10038
Telephone: (917) 637-3600
Fax: (917) 637-3666

2

Email: rmuqaddam@reprorights.org
Email: gdeady@reprorights.org

*Counsel for Plaintiffs*

*Admitted Pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/ Rabia Muqaddam

Rabia Muqaddam*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, New York 10038
Telephone: (917) 637-3600
Fax: (917) 637-3666
Email: rmuqaddam@reprorights.org

*Counsel for Plaintiffs*

*Admitted Pro hac vice*