UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

WHOLE WOMAN'S HEALTH
ALLIANCE, *et al.*,

                    Plaintiffs,                    Case No. 3:23-cv-00019-RSB

          v.

FOOD AND DRUG ADMIN., *et al.*,

                    Defendants.

### MOTION TO STAY PROCEEDINGS

Protecting the health and safety of pregnant women is of paramount importance.

To that end, on September 19, 2025, the Secretary of Health and Human Services and

the Commissioner of Food and Drugs announced that FDA is reviewing the Risk

Evaluation and Mitigation Strategy (REMS) for mifepristone. Ex. 1 (Letter to State

Attorneys General (Sept. 19, 2025)). The Secretary and the Commissioner explained that

this review—which will include a study undertaken by FDA itself—is "informed by the

lack of adequate consideration underlying prior REMS approvals." *Id.* at 1. FDA's

review is rooted in the agency's commitment "to protecting the health and safety of

pregnant women" and "ensur[ing] . . . decisions are grounded in Gold Standard Science

and rigorous, transparent, and objective evidence." *Id.* at 2. Because this ongoing review

1

will culminate in a decision that may moot Plaintiffs' lawsuit, Defendants respectfully move this Court for a stay of litigation while the administrative review occurs.[1]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising its "broad discretion to stay proceedings," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), a court "must weigh competing interests and maintain an even balance," *Landis*, 299 U.S. at 254-55. "The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to expeditious and comprehensive disposition of the causes of the action on the court's docket.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). Here, that balance favors a stay.

In deciding to launch a new review of the mifepristone REMS, FDA recognized that restrictions on mifepristone are hotly contested legal and scientific issues that have been the subject of litigation for many years. One district court has upheld FDA's 2023 approval of supplemental applications modifying the REMS (the "2023 REMS Modification"). *Washington v. FDA*, No. 1:23-cv-3026-TOR, 2025 WL 1888794 (E.D.

---

[1] Plaintiffs currently oppose a stay but have stated that they may reconsider if stays are issued in other cases with mifepristone-related challenges. FDA has moved for a stay in *Louisiana v. FDA*, No. 6:25-cv-01491-DCJ-DJA, ECF No. 50, 50-1 (W.D. La.), *Missouri v. FDA*, No. 4:25-cv-1580-CMS, ECF No. 293 (E.D. Mo.), and *Florida v. FDA*, No. 7:25-cv-126-O, ECF No. 20 (N.D. Tex.).

Wash. July 8, 2025). Another ruled that the 2023 REMS Modification was arbitrary and capricious because it failed to consider relevant evidence and applied the incorrect statutory standard; that court issued a remand to FDA for reconsideration of the REMS. *Purcell v. Kennedy*, Civ. No. 17-00493-JAO-RT, 2025 WL 3101785, at *28 (D. Haw. Oct. 30, 2025). The Fifth Circuit expressed concerns about FDA's easing of REMS restrictions. *See All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 249-51 (5th Cir. 2023), *rev'd on other grounds*, 602 U.S. 367 (2024). And three other district courts have yet to weigh in. *See Louisiana v. FDA*, No. 6:25-cv-01491-DCJ-DJA, (W.D. La.); *Missouri v. FDA*, No. 4:25-cv-1580-CMS (E.D. Mo.); *Florida v. FDA*, No. 7:25-cv-126-O (N.D. Tex).

Given this widespread debate over the safety of mifepristone, FDA has concluded that the best path forward is to conduct a new review of the mifepristone REMS based on all the evidence before the agency. As noted above, that evidence will include FDA's own study, which it "is taking care to do . . . properly and in the right way." FDA, *Questions and Answers on Mifepristone for Medical Termination of Pregnancy Through Ten Weeks Gestation*.[2] At this time, "FDA continues to work on the collection of the robust and timely data that is necessary for a well-controlled study with adequate statistical power." *Id.* Although studies like these "often take approximately a year or more to conduct," FDA plans to complete the study "sooner than that timeframe." *Id.* And once FDA has analyzed the data from that study (as well as all other evidence

---

[2] https://www.fda.gov/drugs/postmarket-drug-safety-information-patients-and-providers/questions-and-answers-mifepristone-medical-termination-pregnancy-through-ten-weeks-gestation (item No. 37).

before the agency), it will decide whether "substantive changes to the REMS" are warranted. *Id.*

While the review occurs, the Court should exercise its inherent power to stay this litigation. "[U]nder [the] regulatory scheme," the scientific issues Plaintiffs raise here "have been placed within the special competence of" FDA. *United States v. W. Pac. R. Co.*, 352 U.S. 59, 64 (1956). It thus makes good sense for the Court to let FDA apply its "expert and specialized knowledge," *id.*, including by considering matters—such as the Canadian study—that Plaintiffs failed to exhaust, ECF No. 71-1, at 15-18. The interests of judicial efficiency also support a stay because FDA's review will necessarily result in a new decision that could supersede the 2023 REMS Modification and thereby obviate any need to adjudicate Plaintiffs' current arguments. Any party adversely affected by the new agency decision on mifepristone may seek judicial review at that time.

On the other side of the ledger, deferring judicial review until FDA's review is complete will not prejudice Plaintiffs. In oral argument on the cross motions for summary judgment, Plaintiffs clarified that they seek only a remand without vacatur. Ex. 2, 5/19/2025 Tr. at 23. But the judgment in *Purcell* already ensures that FDA will do precisely that as part of its ongoing review. Given that FDA is undertaking the very review Plaintiffs ask this Court to order, there is no reason for this Court to reach the issues in this case at this time.

Granting a stay while an agency reviews the matter under litigation is par for the course. *Purcell* is a case in point. There, the plaintiffs originally challenged the REMS that existed before the 2023 REMS Modification. After FDA announced a REMS review

in May 2021, the *Purcell* court stayed the litigation. *See Chelius v. Becerra*, No. 1:17-cv-493-JAO-RT, ECF No. 149 (D. Haw. May 7, 2021) (staying and administratively closing case).[3] The case remained stayed until after the 2023 REMS Modification. *Id.*, ECF No. 158 (D. Haw. Feb. 28, 2023) (reopening case). The Court should take a similar course here to allow FDA to complete its review of the mifepristone REMS.

CONCLUSION

For the foregoing reasons, the Court should stay this case until FDA completes its ongoing review of the mifepristone REMS.

March 23, 2026                     Respectfully submitted,

                                   BRETT A. SHUMATE
                                   Assistant Attorney General

                                   JAMES W. HARLOW
                                   Acting Assistant Director

                                   */s/ Noah T. Katzen*
                                   NOAH T. KATZEN
                                   Trial Attorney
                                   Federal Programs Branch
                                   Civil Division
                                   U.S. Department of Justice
                                   1100 L St., NW
                                   Washington, DC 20005
                                   202-305-2428
                                   Noah.T.Katzen@usdoj.gov

                                   *Counsel for Defendants*

---

[3] *Chelius* was later renamed *Purcell v. Kennedy*.