UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

WHOLE WOMAN'S HEALTH
ALLIANCE, *et al.*,

                    Plaintiffs,

          v.

FOOD AND DRUG ADMIN., *et al.*,

                    Defendants.

Case No. 3:23-cv-00019-RSB

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

The U.S. Food and Drug Administration is conducting a review of the

mifepristone REMS. ECF No. 92 (Mot.), at 1. If Plaintiffs are satisfied with the outcome

of that review, no judicial review will be necessary. If not, then Plaintiffs can seek to

challenge the agency's new decision following review. Either way, this Court should

stay its hand until that review is complete, just as another court hearing a related case

recently did. *See Louisiana v. FDA*, No. 6:25-cv-01491-DCJ-DJA, 2026 WL 936958 (W.D.

La. Apr. 7, 2026). As Judge Joseph explained in *Louisiana*, a stay is appropriate in light of

FDA's "good faith, evidence-based, and expeditious review of the mifepristone REMS."

*Id.* at *2.

None of Plaintiffs' arguments in their Opposition, ECF No. 93 (Opp'n), justify

denying a stay. As FDA explained in its Motion, Plaintiffs would not be harmed by a

stay because the remand in *Purcell v. Kennedy* already ensures that FDA will do

1

precisely what Plaintiffs request this Court to order FDA to do. Mot. 4. In response,

Plaintiffs argue that they request "more than a general remand order" because they ask

the Court to consider certain statutory factors. Opp'n 5-6. But the *Purcell* remand order

directs FDA to consider those factors, too. *Purcell v. Kennedy*, Civ. No. 17-00493-JAO-RT,

2025 WL 3101785, at *14-*20, *28 (D. Haw. Oct. 30, 2025). Plaintiffs also allege prejudice

based on their past "expend[iture]" of "significant resources" in this litigation, Opp'n 4,

but they do not explain how denying a stay would redress those sunk costs. To be sure,

summary judgment is already fully briefed. But the complete absence of harm to

Plaintiffs counsels against this Court deciding the merits while FDA is undertaking its

own review.

April 13, 2026                          Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        JAMES W. HARLOW
                                        Acting Assistant Director

                                        */s/ Noah T. Katzen*
                                        NOAH T. KATZEN
                                        Trial Attorney
                                        Federal Programs Branch
                                        Civil Division
                                        U.S. Department of Justice
                                        1100 L St., NW
                                        Washington, DC 20005
                                        202-305-2428
                                        Noah.T.Katzen@usdoj.gov

                                        *Counsel for Defendants*

2