# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HEIDI PURCELL, ET AL.,

Plaintiffs,

vs.

ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY, U.S. D.H.H.S., ET AL.,

Defendants.

CIV. NO. 17-00493 JAO-RT

ORDER DECLINING TO RETAIN JURISDICTION PENDING REMAND

**ORDER DECLINING TO RETAIN JURISDICTION PENDING REMAND**

On October 30, 2025, the Court granted Plaintiffs'[1] Motion for Summary Judgment and accordingly denied Defendants' Cross Motion for Summary Judgment on Plaintiffs' Administrative Procedure Act Challenge to the 2023 REMS Decision. *See generally* ECF No. 253 ("MSJ Order"). As relief, the Court declared the 2023 REMS Decision unlawful and remanded the matter to the FDA to reconsider the mifepristone REMS in accordance with the MSJ Order and the law. *See id.* at 78. The Court, however, did not vacate the mifepristone REMS and ETASUs pending remand. *See id.* The MSJ Order also did not fully dispose of Plaintiff's constitutional challenge to the 2023 REMS Decision, so the Court

[1] The Court uses the defined terms from its October 30, 2025 Order.

ordered the parties to file a joint status report on how the case would proceed. *See id.*

In that joint status report, Plaintiffs requested voluntary dismissal of the constitutional claims without prejudice, *see* ECF No. 256 at 2, which the Court granted, ECF No. 257. The parties also asked the Court for leave to file briefs regarding whether the Court should maintain jurisdiction over the case pending remand to the FDA. *See* ECF No. 256 at 2–3. The Court allowed the briefing, and the parties timely filed their respective briefs. *See* ECF Nos. 257–60.

Plaintiffs broadly argue that the Court should maintain jurisdiction over this long-running dispute because of the Court's familiarity with the case and in order to expedite any future review. *See* ECF No. 258 at 5–6. Defendants oppose the request and ask the Court to follow the more "typical" practice of declining continued jurisdiction pending agency remand. *See* ECF No. 259 at 3–6.

Although courts have discretion to maintain jurisdiction pending agency remand, *see Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001), it's not the norm and is instead "typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to fulfillment of legal duties," *Baystate Med. Ctr. v. Leavitt*, 587 F.3d 2d 37, 41 (D.D.C. 2008) (citations omitted). Here, while the litigation and the administrative challenges

have been lengthy, the Court gleans no indication of recalcitrance or bad faith on the part of the Agency. *See Baystate Med. Ctr.*, 587 F.2d at 41 n.5 (commenting that length of administrative proceedings did not demonstrate the agencies' resistance to following the law). As such, the Court will follow the typical practice and declines to retain jurisdiction over the matter pending remand.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, January 21, 2026.

Jill A. Otake
United States District Judge

CIV. NO. 17-00493 JAO-RT, *Purcell, et al. v. Kennedy, et al.*, ORDER DECLINING TO RETAIN JURISDICTION PENDING REMAND