CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 19, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ E. Jones
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **WHOLE WOMAN'S HEALTH ALLIANCE, *et al.*,** | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: 3:23-cv-19** |
| **v.** | ) | |
| **UNITED STATES FOOD AND DRUG ADMINISTRATION, *et al.*,** | ) | **By: Hon. Robert S. Ballou<br>United States District Judge** |
| **Defendants.** | ) | |

## ORDER

For over 25 years, the FDA has determined that mifepristone is a safe and effective medication, and in 2023 it enacted a REMS Modification to continue and update requirements that all prescribers or dispensing pharmacies comply with certain Risk Evaluation and Mitigation Strategies ("REMS") and Elements to Assure Safe USE ("ETASU"). I concluded that the FDA decision to impose the 2023 REMS Modification was arbitrary and capricious and remanded to the FDA for further review. Plaintiffs have moved that I retain jurisdiction of this action while the FDA conducts its reconsideration review. Dkt. 101. The motion is **GRANTED** and this Court will retain jurisdiction over this action while the FDA conducts its reconsideration review.

Plaintiffs ask this Court to retain jurisdiction based on public remarks by members of both the Legislative and Executive branches asserting political pressure or interference on the FDA to come to a specific determination with respect to the 2023 REMS modification. Dkt. 101 at 2–4; Dkt. 103. Defendants contend that there is no evidence the FDA has, or will, yield to any political pressure and note that any risk of political interference on remand is not a sufficient

reason for a court to depart from the "norm" of relinquishing jurisdiction on remand. Dkt. 102 at 3–4.

A court has wide discretion to retain jurisdiction pending remand to an administrative agency. *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008). This discretion is "typically reserved" for instances where the agency engages in unreasonable delay, fails to comply with deadlines, or does not comply with court orders. *Id*. A court which has retained jurisdiction can require periodic status reports on the agency review progress. *Id.*

Courts have retained jurisdiction over an agency review based on continued wrongdoing by an agency. *See, e.g.*, *Lagos v. Barr*, 927 F.3d 236, 257 (4th Cir. 2019). In contrast, where "[t]he court has not seen any evidence of unreasonable delay, a missed deadline, or a history of agency noncompliance," it has declined to retain jurisdiction. *Amos v. Meink*, No. CV DKC 24-42, 2025 WL 3200681, at *2 (D. Md. Nov. 17, 2025).

Retaining jurisdiction may serve as an effective means to restrain obstinate agencies, and for a court "to ensure that its instructions are followed." *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001). The court in *Cobell* acknowledges that retaining jurisdiction is "particularly appropriate where . . . there is a record of agency recalcitrance and resistance to the fulfillment of its legal duties," and the court grounds its decision in the judiciary's continued obligation to ensure that orders are followed. *Id; see also, United States v. Koubriti*, 305 F. Supp. 2d 723, 752 (E.D. Mich. 2003) ("Beyond this, the Court has a responsibility to ensure that judicial orders are obeyed by all, no matter the importance of the office they hold.").

Retaining jurisdiction is one of the few tools the courts have to ensure continued compliance with orders and instructions or address issues as they arise. That is, a court may retain jurisdiction over a case and later agency action to assure that the agency fulfills its

obligations under the court order. *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (Court may monitor the agency's assurances that it is proceeding as diligently with the resources available to it."); *Dominion Transmission, Inc. v. Town of Myersville Town Council*, 982 F. Supp. 2d 570, 580–81 (D. Md. 2013) (Court retains "jurisdiction to enforce its declaratory judgment at some point in the future—a power reserved to this Court in order to effectuate its decrees."); *Am. Acad. of Pediatrics v. Food and Drug Admin.*, 399 F. Supp. 3d 479, 487 (D. Md. 2019) (District Court retained jurisdiction to ensure that, "further action could be taken by the Court," if needed). Finally, in cases involving institutional reform, a court may retain jurisdiction to oversee that a governmental entity complies with Constitutional or other governing legal requirements. *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 376 n.19 (E.D. Va. 2009), *aff'd*, 333 F. App'x 733 (4th Cir. 2009).

Thus, the decision to retain jurisdiction following remand to an agency is based entirely within a court's discretion and has been exercised for a variety of reasons and on a case-by-case basis.

The FDA decision when it adopted the 2023 REMS modification arbitrarily excluded relevant data from its consideration of both the REMS and the individual ETASUs, and the FDA improperly shifted the burden for justifying the ETASUs to those challenging the medication restrictions. Dkt. 95 at 30–33. The FDA has demonstrated a willingness not to consider relevant and material scientific data, and to impose an impossible burden to challenge the prescriptive nature of the prescribing restrictions. Further, by retaining jurisdiction, I promote judicial efficiency should the FDA reconsideration have similar shortcomings and the parties return to challenge any restrictions on prescribing the medication.

Here, I exercise the wide discretion vested in the courts to retain jurisdiction in this matter as the FDA engages in its reconsideration review required by the September 2, 2026 order. Dkt. 100. The parties shall docket a report setting forth the status of the reconsideration review every 120 days until the review is complete.

It is **SO ORDERED.**

Entered: November 19, 2026

Robert S. Ballou

Robert S. Ballou
United States District Judge